

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

PHILIP R. SELLINGER
United States Attorney

DIANA VONDRA CARRIG
Assistant United States Attorney

401 Market Street, Fourth Floor
Camden, New Jersey 08102

Direct Dial: 856.968.4927
Email: Diana.carrig@usdoj.gov

April 25, 2024

Rocco C. Cipparone, Jr., Esquire
203-205 Black Horse Pike
Haddon Heights, NJ 08035

**Re:  Plea Agreement with Frank Incognito**

Dear Mr. Cipparone:

This letter sets forth the plea agreement between your client, Frank Incognito, and the United States Attorney for the District of New Jersey (the "Office").  Should your client wish to accept this agreement, the executed agreement and an executed tolling agreement, which tolls the relevant statutes of limitations during the period from July 1, 2024 through August 30, 2024 to allow time for the entry of the plea, must be received by this office no later than the close of business on **Wednesday, May 8, 2024**. If executed plea and tolling agreements are not returned to this Office by that date, this offer will expire.

**Charges**

Conditioned on the understandings specified below, the Office will accept a guilty plea from Frank Incognito to a one-count Information charging him conspiracy to engage in the resale of prescription drugs previously purchased by a healthcare entity during the period from in or about June 2012 through January 2019, contrary to 21 U.S.C. §§ 353(c)(3)(A), 331(t) and 333(a)(2), and in violation of 18 U.S.C. § 371. If Frank Incognito enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, the Office will not initiate any further criminal charges against Frank Incognito for his role in diverting tens of millions of dollars of oncology and ophthalmology drugs from the ordinary and authorized pharmaceutical distribution chain by fraud and deception for profit, including by using the medical licenses of at least three medical doctors to purchase such drugs—some at discounts to which the conspirators were not entitled—and then immediately transferring and selling the drugs to other entities that were not permitted to buy such drugs for further redistribution, all of which occurred during the time period from June 2012 and continued through January 2019. However, Frank

1

Incognito agrees that uncharged or dismissed counts should be taken into account as relevant conduct by the Court at the time of sentencing pursuant to U.S.S.G. § 1B1.2(c) or § 1B1.3(a).

But, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Frank Incognito agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Frank Incognito may be commenced against him, notwithstanding the expiration of the limitations period after Frank Incognito signs the agreement.

## <u>Sentencing</u>

The violation of 18 U.S.C. § 371 to which Frank Incognito agrees to plead guilty carries a statutory maximum prison sentence of 5 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.  Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Frank Incognito is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines.  The United States Sentencing Guidelines are advisory, not mandatory.  The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine.  The Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Frank Incognito ultimately will receive.

Further, in addition to imposing any other penalty on Frank Incognito, the sentencing judge:

(1) will order Frank Incognito to pay an assessment of $100, pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) must order Frank Incognito to pay restitution pursuant to 18 U.S.C. § 3663A;

(3) may order Frank Incognito, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; and

(4) pursuant to 18 U.S.C. § 3583 may require Frank Incognito to serve a term of supervised release of up to 3 years, which will begin at the expiration of any term of imprisonment imposed. Should Frank Incognito while on supervised release violate any of the conditions of supervised release before the expiration of its term, Frank Incognito may be sentenced to not more than 2 years' imprisonment, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

**Rights of The Office Regarding Sentencing**

Except as otherwise provided in this agreement, the Office may take any position with respect to the appropriate sentence to be imposed on Frank Incognito by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Frank Incognito's activities and relevant conduct with respect to this case.

**Stipulations**

This Office and Frank Incognito will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

**Waiver of Appeal and Post-Sentencing Rights**

As set forth in Schedule A and the paragraph below, this Office and Frank Incognito waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

**Restitution**

Pursuant to 18 U.S.C. §§ 3663A(a)(1)-(3), Frank Incognito agrees to make full restitution for all losses resulting from the offense of conviction and from the scheme, conspiracy, and pattern of criminal activity underlying that offense, to the victims of the offense. As part of his restitution obligations, Frank Incognito agrees to make full restitution to Pharmaceutical Manufacturer 1, which the parties estimate as $1,409,353, and which represents the value of community physician discounts fraudulently obtained by Frank Incognito and his co-conspirators. In addition, Frank Incognito agrees to pay restitution for any additional victims identified prior to sentencing.

3

**Immigration Consequences**

Frank Incognito understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization.  Frank Incognito understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities.  Frank Incognito wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States.  Frank Incognito understands that he is bound by his guilty plea regardless of any immigration consequences of the plea.  Accordingly, Frank Incognito waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

**Other Provisions**

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Frank Incognito. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil or administrative proceeding against Frank Incognito.

No provision of this agreement shall preclude Frank Incognito from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

## No Other Promises

This agreement constitutes the plea agreement between Frank Incognito and the Office and supersedes any previous plea agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney

By:  DIANA VONDRA CARRIG
SARA ALIYA ALIABADI
Assistant U.S. Attorneys

APPROVED:

JASON M. RICHARDSON
Attorney-in-Charge, Camden

5

I have received this letter from my attorney, Rocco C. Cipparone, Jr., Esquire. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, restitution, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____     Date:  5/7/2024
FRANK INCOGNITO

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, restitution, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____     Date:  05-08-2024
ROCCO C. CIPPARONE, JR., ESQUIRE
Counsel to Defendant Frank Incognito

6

**Plea Agreement with Frank Incognito**

**Schedule A**

1.      The Office and Frank Incognito recognize that the United States Sentencing Guidelines are not binding upon the Court.  The Office and Frank Incognito nevertheless agree to the stipulations set forth herein.

2.      The version of the United States Sentencing Guidelines effective November 1, 2023, applies in this case.

3.      The applicable guideline for this offense of conviction is U.S.S.G. § 2B1.1.  This guideline carries a Base Offense Level of 6.

4.      Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(1)(H) applies because the loss amount is greater than $550,000 but less than $1,500,000. This Specific Offense Characteristic results in an increase of 14 levels.

5.      Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(8)(A) applies because the offense involved conduct described in 18 U.S.C. § 670. This Specific Offense Characteristic results in an increase of 2 levels.

6.      Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(10) applies because the offense involved sophisticated means and Frank Incognito intentionally engaged in or caused the conduct constituting the sophisticated means. Specifically, Frank Incognito and his co-conspirators engaged in the unauthorized purchase and sale of millions of dollars of oncology drugs, which they then redistributed for profit outside the manufacturers' limited distribution channels. The manufacturers kept tight controls over the distribution channels for several reasons, including to ensure an adequate supply to cancer patients and also to ensure the safety and efficacy of these drugs, the majority of which were "cold-chain" infusion drugs, which required transportation and storage within certain temperature ranges. To obscure their unauthorized purchases, Frank Incognito and his co-conspirators created false and fraudulent invoices and transaction histories and also used multiple entities, including doctor's offices, pharmacies and licensed wholesaler distributors, to transfer the drugs before ultimately selling them to their customers. This Specific Offense Characteristic results in an increase of 2 levels.

7.      As of the date of this letter, Frank Incognito has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged.  Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Frank Incognito's acceptance of responsibility continues through the date of sentencing.  *See* U.S.S.G. § 3E1.1(a).

8.      As of the date of this letter, Frank Incognito has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the Office to avoid preparing for trial and permitting the Office and the court to allocate their resources efficiently.  At sentencing, the Office will move for a further 1-point reduction in Frank Incognito's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Frank Incognito enters a plea pursuant to this agreement,

(b) the Office in its discretion determine that Frank Incognito's acceptance of responsibility has continued through the date of sentencing and Frank Incognito therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Frank Incognito's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

9. If Frank Incognito establishes at sentencing that he both has no criminal history points and meets the other criteria in U.S.S.G. § 4C1.1, he will be entitled to a further two-level reduction in his offense level, resulting in a total Guidelines offense level of 19; otherwise, Frank Incognito's total Guidelines offense level will be 21 (the "Total Offense Level").

10. The parties agree not to advocate for any upward or downward adjustment or departure from the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance. But each party may seek a variance from that Guidelines range, which the other party may oppose. In addition, based upon consideration of the 18 U.S.C. § 3553(a) factors, the Government agrees not to seek a sentence greater than 36 months' imprisonment.

11. If the term of imprisonment does not exceed 46 months, and except as specified in the next paragraph below, Frank Incognito will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 30 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

12. Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

    a. Any proceeding to revoke the term of supervised release.

    b. A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

    c. An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).